IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALEXANDER RUGGIERO,<br><br>　　Plaintiff,<br>v.<br><br>RENT RECOVERY SOLUTIONS, LLC., AND EXPERIAN INFORMATION SOLUTIONS INC,<br><br>　　Defendant(s). | Civil Action Number: 1:23-cv-1360<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff ALEXANDER RUGGIERO ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and brings this *Complaint* against Defendants RENT RECOVERY SOLUTIONS, LLC, and Defendant EXPERIAN INFORMATION SERVICES, INC referred to as ("Experian"), collectively referred to as (the "Defendants") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PREMLIMINARY STATEMENT**

1. This is an action for actual and statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA"), and 15 U.S.C. §1692 *et seq* the Fair Debt Collection Practices Act "FDCPA".

**JURISDICTION & VENUE**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq,* and §1692 *et seq.*

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, and Plaintiff resides here.

4.     Under Fed. R. Civ. P. 20(a), joinder is proper where: (i) the claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants.

## PARTIES AND SERVICE

5.     At all times relevant Plaintiff was a resident of Travis County, Texas.

6.     At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c), and 15 U.S.C. § 1692a(3).

**Rent Recovery Solutions LLC.**

7.     Defendant Rent Recovery Solutions, LLC ("RRS") is a Debt Collector as defined under 15 U.S.C. § 1692a(3), the *Fair Debt Collection Practices Act* ("FDCPA") . Defendant RRS is also a "person" who furnishes consumer credit information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

8.     Defendant RRS may be served with process through its registered agent Corporation Service Company at 211 E. 7th Street Ste 620, Austin TX 78701.

**Defendant Experian**

9.     Defendant Experian Information Solutions, Inc., ("Experian") is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is a Texas company registered to do business in the State of Texas and may be served with process upon C.T. Corporation System, its registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

10.     At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

11.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.     Prior to April 2023, Plaintiff resided at Arboleda Apartment Homes, in Cedar Park Texas ("Arboleda").

13.     Plaintiff left the residence due to a flooded washing machine that made his unit, as well as the surrounding apartment units, unlivable (the "Accident").

14.     Plaintiff had renters' insurance through USAA at the time of the Accident, and opened a claim with his renters insurance, as the accident was fully covered through his insurance policy. The claim was identified with a number ending in *********-006.

15.     The claim was to cover all damage caused by the washing machine accident, as well as loss mitigation, and additional expenses required of the Plaintiff such as his hotel stay and leaving his lease agreement with the Apartment complex before his set move out date.

16.     Despite being in correspondence with Plaintiff's USAA renters' insurance claim representative, around April of 2023, Plaintiff received a moveout statement from Arboleda claiming that he owed about $7,619.

17.     On July 17th, 2023 a representative of Arboleda agreed to an insurance claim settlement amount of $19,813.15 that was intended to satisfy all the damages to the apartment complex,

expenses incurred from Plaintiff leaving his apartment, and all additional expenses incurred by Plaintiff and the Apartment Complex as a result of the Accident.

**Defendant RRS's Violations of 1681s-2b**

18.     In September 2023, Plaintiff obtained a copy of his credit reports and discovered that defendant RRS had incorrectly reported a "Collections Account" on Plaintiff's Experian credit report.

19.     In October 2023, Plaintiff submitted a dispute with Defendant Experian providing documents which included evidence of Plaintiff's social security number, birthdate, and information surrounding the alleged debt.

20.     It is averred that Defendant Experian forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant RRS along with all accompanying documents provided by Plaintiff in his disputes.

21.     Despite Defendant RRS receiving the dispute(s), ACDVs and accompanying documents, Defendant RRS conducted a superficial investigation and reported back to Defendant RRS that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

22.     Defendant RRS verified the Account as belonging to Plaintiff with the incorrect balance, and account status.

23.     Defendant RRS did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs it received from Experian and other credit reporting agencies.

24.     Defendant RRS negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

25.     Defendant RRS did not correct or delete the inaccurate or erroneous information relating to the Account, such as the incorrect balance and false collection account status but continued to report false and erroneous information to Defendant Experian.

26.     As a result of the inaccurate information remaining on the Plaintiff's consumer reports relating to the Account, the Plaintiff was denied credit opportunities, and will continue to be harmed and injured by Defendant's erroneous and inaccurate reporting for up to 7 years.

27.     Due to Defendant RRS's negligent or willful failure to conduct a reasonable investigation the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

28.     For these reasons, Defendant RRS willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s2-b.

**Defendant RRS's Violations of the FDCPA**

29.     On August 2nd, 2023, Defendant RRS called Plaintiff to collect an alleged debt of approximately $7,619.

30.     Defendant RRS continued collection attempts on this alleged debt, despite repeated disputes by the Plaintiff directly and through Defendant Experian. Plaintiff disputed both the balance reported and the Account status of the Collections Account.

31.     On October 4th, 2023, Defendant RRS sent Plaintiff a letter stating that they had received his allegation of identity theft and requested additional identifying information to resolve his disputes relating to the Collections Account.

32.     Defendant RRS used false and deceptive means when RRS demanded that Plaintiff owed an inaccurate balance on the collections account.

33. Defendant RRS attempted to collect an unauthorized amount when they attempted to collect $7,619 from the Plaintiff.

34. Defendant RRS continued to violate the FDCPA when it engaged in collection activity against the Plaintiff by sending letters, phone calls, sms messages, and reporting a false balance and account status on his consumer reports.

35. Defendant RRS continues to communicate erroneous credit information to consumer reporting agencies about the Collection Accounts balance and Account status.

36. Due to Defendant RRS's conduct, action, and inaction, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

37. For these reasons, Defendant RRS failed to comply with its obligations for conduct under the FDCPA.

**Defendant Experian's violation of 1692i(a):**

38. Defendant Experian reported the Collections Account with a wrong balance and erroneous collection status.

39. Experian published on Plaintiff's Experian consumer report that Plaintiff had a Collections Account with an incorrect balance and Account status furnished by defendant RRS, and the false reporting severely affected the Plaintiff's creditworthiness and reputation.

40. In October 2023, Plaintiff submitted a dispute with Experian and provided documents which included evidence of Plaintiff's social security number, birthdate, and information surrounding the alleged debt.

41. Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant RRS or review the supplied documentation provided by the Plaintiff as part of his dispute.

42. Instead, Defendant Experian relied solely on an automated system that verified the existence of the Collections Account without checking the validity of Plaintiff's dispute.

43. Defendant Experian did nothing more than parrot information from Defendant RRS.

44. In October 2023, Defendant Experian sent Plaintiff a cursory response stating the disputed debt was verified and would remain on his credit report.

45. Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

46. Plaintiff was subsequently denied credit opportunities by creditors citing poor credit and recent delinquencies as reason for the denial.

47. To this date Defendant Experian continues to publish false and erroneous information relating to the Collections Accounts balance and account status on Plaintiff's Experian consumer reports.

48. Defendant Experian failed to promptly delete or correct the inaccurate information relating to the Collections Account, and the false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

49. Due to Defendant Experian's negligent or willful failure to conduct a reasonable reinvestigation the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

50. Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Experian violation of 1681e(b)**

51. Defendant Experian did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Collections Account.

52. Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Collections Account.

53. Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving dispute(s) from the Plaintiff relating to his consumer report and Collections Account.

54. Defendant Experian's failure to take adequate steps to verify information before Experian included it in the Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

55. Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

56. Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

## FIRST CAUSE OF ACTION
**(Willful Violation of 15 U.S.C. §1681s2-b as to Defendant RRS)**

57. Plaintiff incorporates by reference all the above paragraphs of this *Complaint* as though fully stated herein with the same force and effect as if the same were set forth at length herein.

58. This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*.

59. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

60. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

61. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

62. Defendant RRS is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

63. A reasonable investigation would require a furnisher such as Defendant RRS to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

64. The conduct, action, and inaction of Defendant RRS was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

65. Due to the action and inaction of Defendant RRS, Plaintiff has suffered an injury to his credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Defendant's debt collection efforts have resulted in increased anxiety, and loss of sleep for the Plaintiff. Additionally, Plaintiff's repeated attempts to correct his credit reports have resulted in a waste of time and resources for the Plaintiff.

66. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant RRS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

## SECOND CAUSE OF ACTION
**(Negligent Violation of 15 U.S.C. §1681s2-b as to Defendant RRS)**

67. Plaintiff incorporates by reference all the above paragraphs of this *Complaint* as though fully stated herein with the same force and effect as if the same were set forth at length herein.

68. This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*.

69. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

70. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

71. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

72. Defendant RRS is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

73. A reasonable investigation would require a furnisher such as Defendant NCS to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

74. The conduct, action and inaction of Defendant RRS was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

75. Due to the action and inaction of the Defendant RRS, Plaintiff has suffered an injury to his credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Defendant's debt collection efforts have resulted in increased anxiety, and loss of sleep for the Plaintiff. Additionally, Plaintiff's repeated attempts to correct his credit reports have resulted in a waste of time and resources for the Plaintiff.

76. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant RRS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of 15 U.S.C. § 1681(e)(b) as to Defendant Experian)**

77. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

78. This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

79. Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

80. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

81. Due to the action and inaction of the Defendant Experian, Plaintiff has suffered an injury to his credit worthiness, emotional distress, mental anguish, and the inability to enjoy life.

Defendant's debt collection efforts have resulted in increased anxiety, and loss of sleep for the Plaintiff. Additionally, Plaintiff's repeated attempts to correct his credit reports have resulted in a waste of time and resources for the Plaintiff.

82. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

83. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**FOURTH CAUSE OF ACTION**
**(Negligent Violation of 15 U. S. C. § 1681(e)(b) as to Defendant Experian)**

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85. This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.,

86. Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning Plaintiff.

87. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

88. Due to the action and inaction of the Defendant Experian, Plaintiff has suffered an injury to his credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Defendant's debt collection efforts have resulted in increased anxiety, and loss of sleep for the Plaintiff. Additionally, Plaintiff's repeated attempts to correct his credit reports have resulted in a waste of time and resources for the Plaintiff.

89. The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

90. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## FIFTH CAUSE OF ACTION
**(Willful Violation of U.S.C 15 § 1681(i)(a) as to Defendant Experian)**

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

92. This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

93. Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

94. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

   1. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   2. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   4. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

   5. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

   6. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

95. Due to the action and inaction of Defendant Experian, Plaintiff has suffered an injury to his credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Defendant's debt collection efforts have resulted in increased anxiety, and loss of sleep for the Plaintiff. Additionally, Plaintiff's repeated attempts to correct his credit reports have resulted in a waste of time and resources for the Plaintiff.

96. The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

97. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**SIXTH CAUSE OF ACTION**
**(Violations of the FDCPA as to Defendant RRS)**

98. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

99. The FDCPA prohibits a laundry list of deceptive, abusive, and unfair behavior by Debt collectors including but not limited to:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

> Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> e(2)(A) The false representation of the character, amount, or legal status of any debt.
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> Section §1692f: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

100. For the aforementioned reasons, RRS has violated the FDCPA and is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

## **DEMAND FOR JURY TRIAL**

101. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For actual, statutory, and punitive damages provided and pursuant to 15 U.S.C. § 1681 against each Defendants RRS and Experian;

2. For actual, statutory, and punitive damages provided and pursuant to 15 U.S.C. § 1692 against Defendants RRS;

3. For reasonable attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2) from Defendants RRS, and Experian;

4. For reasonable attorney fees and costs provided and pursuant to 15 U.S.C. § 1640(a)(3) from all Defendants;

5. For reasonable attorney fees and costs provided and pursuant to 15 U.S.C. § 1692 from all Defendants;

6. For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED:  November 7, 2023                                  Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**
/s/ *Shawn Jaffer*
**Shawn Jaffer**
Bar No.: 24107817
5757 Alpha Road Suite 580
Dallas, Texas 75240
T: (214) 945-0000
F: (888) 530-3910
E-mail: wdtx@jaffer.law
**Attorneys for Plaintiff**